MEMORANDUM **
Lilik Aju Lindawati and her husband, natives and citizens of Indonesia, petition *223 for review of the Board of Immigration Appeals’ (“BIA”) order dismissing their appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), and we dismiss in part and deny in part the petition for review.
Substantial evidence supports the agency’s denial of Lindawati’s application for asylum because she failed to establish that her experiences in Indonesia rose to the level of persecution, see Nagoulko v. INS, 333 F.3d 1012, 1016-18 (9th Cir.2003), or to demonstrate a well-founded fear of future persecution, of. Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004).
Because Lindawati failed to satisfy the lower standard of proof for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. See Alvarez-Santos v. INS, 332 F.3d 1245, 1255 (9th Cir.2003).
Substantial evidence supports the agency’s denial of CAT relief because Lindawa-ti did not demonstrate that it is more likely than not she would be tortured if returned to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
Contrary to the petitioners’ contention, the IJ did not violate due process by “preventing” Lindawati’s husband from speaking. The proceedings were not “so fundamentally unfair that he was prevented from reasonably presenting his case.” Colmenar v. INS, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). The petitioners’ remaining due process contentions are not persuasive.
PETITION FOR REVIEW DISMISSED in part; DENIED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.